'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 95-00345-RSWL-10 |
|---|---|
| Plaintiff, | **ORDER re: MOTION FOR COMPASSIONATE RELEASE** [10548] |
| v. | |
| JESSE MORENO, | |
| Defendant. | |

Currently before the Court is Defendant Jesse Moreno's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") [10548]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** the Motion.

## I. BACKGROUND

On May 30, 1997, Defendant was convicted on four counts related to his participation in or involvement with the Mexican Mafia (known also as "La Eme"). J. &

1

1 Commitment, ECF No. 1838.  The four counts involved
2 Defendant's participation in a conspiracy to commit
3 murder in violation of the Racketeer Influenced and
4 Corrupt Organizations Act ("RICO") and Violent Crimes in
5 Aid of Racketeering statute ("VICAR").  First
6 Superseding Indictment, ECF No. 360.  The Court
7 sentenced Defendant to life imprisonment.  J &
8 Commitment.
9     On July 6, 2017, this Court denied [10486]
10 Defendant's Motion to Vacate, Set Aside, or Correct
11 Sentence Pursuant to 28 U.S.C. § 2255.  The Ninth
12 Circuit summarily affirmed [10500] this Court's order on
13 December 17, 2019.  Defendant filed the instant Motion
14 [10548] on November 22, 2021, seeking early release due
15 to his age, numerous health conditions, and
16 rehabilitative efforts.  The Government opposed [10552]
17 the Motion on December 22, 2021.  Defendant replied
18 [10553] on January 6, 2022.
19                    **II.   DISCUSSION**
20 **A.   Legal Standard**
21     The First Step Act of 2018, Pub. L. No. 115-391,
22 132 Stat. 5194, permits a defendant to directly petition
23 the district court for a sentence reduction under the
24 compassionate release statute.  See 18 U.S.C. §
25 3582(c)(1).  Section 3582(c)(1) permits a court to grant
26 a motion for compassionate release where: (1) the
27 defendant has exhausted his administrative remedies; (2)
28 "extraordinary and compelling reasons" warrant a

reduction in sentence, which may be found in any applicable policy statements issued by the Sentencing Commission; and (3) the reduction is consistent with the applicable factors set forth in § 3553(a). United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (C.D. Cal. 2019) (citations omitted).

The Ninth Circuit recently clarified that currently no "applicable policy statements" define what reasons are sufficiently "extraordinary and compelling" to warrant compassionate release when requested by the defendant. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id.

**B. Discussion**

The Court need not address whether extraordinary and compelling circumstances exist here because the Court finds that the § 3553(a) factors do not weigh in favor of release. When reviewing a motion for compassionate release, courts are required to consider various factors including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public

from further crimes of the defendant; and (5) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c).

Here, Defendant was convicted of violent crimes involving conspiracies to commit murder in order to further the aims of La Eme. Defendant had agreed, along with his co-conspirators, to lure one of their targets to a La Eme meeting where the target would be murdered. PSR ¶¶ 122-127. Moreover, Defendant had been classified as a career offender due to his prior criminal history, which included a ten-year imprisonment after Defendant robbed a victim at knifepoint. Id. ¶¶ 280, 284. Given the premeditated nature of Defendant's crime and his lengthy criminal history, the Court cannot conclude that Defendant's release is warranted. To hold otherwise would undermine the Court's need "to promote respect for the law," "to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a); United States v. Jefferson, No. 2:17-cr-00130-MCE, 2021 WL 4033248, at *3 (E.D. Cal. Sept. 3, 2021) (holding that "requiring Defendant to serve his full sentence" was necessary to achieve the aims enumerated in § 3553(a)).

Defendant claims that he poses no danger to the community because "persons in his age group are extremely unlikely to commit a crime" and because he is

no longer associated with La Eme.  See Mot. 17:23-18:8; Reply 3:4-18.  However, Defendant presents no evidence that he has cut his ties with La Eme.  And "[r]egardless of Defendant's age, the danger that he poses to the community is not necessarily 'that he will personally engage in acts of violence, but that he can command others to do so.'"  United States v. Shyrock, No. CR 95-345-RSWL-16, 2020 WL 7773887, at *3 (C.D. Cal. Dec. 30, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 620 (S.D.N.Y. 2020)).  While the Court appreciates Defendant's rehabilitative efforts and sympathizes with Defendant's health concerns, the Court cannot conclude that Defendant poses no danger to the community.  See United States v. Verdugo, No. 2:14-cr-00341-TLN, 2020 WL 5257747, at *2 (E.D. Cal. Sept. 3, 2020).

In sum, the severity of Defendant's criminal conduct, his lengthy criminal history, and the potential danger posed by his release all weigh against compassionate release.  See United States v. Bisel, No. 10CR5016-H, 2021 WL 3634830, at *5 (S.D. Cal. Aug. 16, 2021).

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

DATED: January 28, 2022        /s/ Ronald S.W. Lew
                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge

5