'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 95-345-RSWL-10 |
|---|---|
| Plaintiff, | **ORDER re: MOTION FOR REDUCTION OF SENTENCE** |
| v. | [10562] |
| JESSE MORENO, | |
| Defendant. | |

Currently before the Court is Defendant Jesse Moreno's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion").

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion to Reduce Sentence.

///

///

///

# I. BACKGROUND

## A. Factual & Procedural Background

On May 30, 1997, Defendant was convicted on four counts related to his participation in or involvement with the Mexican Mafia (known also as "La Eme"). J. & Commitment, ECF No. 1838. The four counts involved Defendant's participation in a conspiracy to commit murder in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Violent Crimes in Aid of Racketeering statute ("VICAR"). First Superseding Indictment, ECF No. 360. The Court sentenced Defendant to life imprisonment. J & Commitment.

On July 6, 2017, this Court denied [10486] Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Ninth Circuit summarily affirmed [10500] this Court's order on December 17, 2019. Defendant filed a Motion for Reduction of Sentence [10548] on November 22, 2021, seeking early release due to his age, numerous health conditions, and rehabilitative efforts. The Court denied [10554] that Motion on January 28, 2022. Now, Defendant filed another Motion for Reduction of Sentence [10562] on November 14, 2022, seeking early release due to his age, rehabilitative efforts, and health conditions—including a recent diagnosis of pancreatic cancer. The Government opposed [10565] the Motion on November 29, 2022. Defendant replied [10567] on

December 5, 2022.

## II. DISCUSSION

### A. Legal Standard

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits a defendant to directly petition the district court for a sentence reduction under the compassionate release statute. See 18 U.S.C. § 3582(c)(1). Section 3582(c)(1) permits a court to grant a motion for compassionate release where: (1) the defendant has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in sentence, which may be found in any applicable policy statements issued by the Sentencing Commission; and (3) the reduction is consistent with the applicable factors set forth in § 3553(a). United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (C.D. Cal. 2019) (citations omitted).

The Ninth Circuit has recently clarified that there are currently no "applicable policy statements" defining what reasons are sufficiently "extraordinary and compelling" to warrant compassionate release when requested by the defendant. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id.

///

**B.   Analysis**

Defendant argues that compassionate release is warranted because (1) he has effectively served a life sentence since he has spent twenty-seven years in prison and is now "at death's door" due to the severity of his cancer; (2) he has been sufficiently punished; (3) he has achieved significant rehabilitation; and (4) his release will not pose a danger to the public.  Def.'s Mot. for Reduction of Sentence ("Mot.") 14:1-20:4, ECF No. 10562.

The Government does not dispute that Defendant has sufficiently exhausted his administrative remedies. Govt.'s Opp'n to Mot. ("Opp'n") 8:4-7, ECF No. 10565. Nor does the Government argue that Defendant lacks extraordinary and compelling reasons to warrant a reduction in Defendant's sentence.  Id. 11:10-14. Rather, the Government argues that even if Defendant's age and health concerns establish extraordinary and compelling circumstances, the Motion should be denied because the § 3553(a) factors do not weigh in favor of release.  Id. 11:11-14.  Since the parties do not contest that Defendant has exhausted his administrative remedies and has an extraordinary and compelling reason for reduction, the Court centers its analysis on the § 3553(a) factors.

When reviewing a motion for compassionate release, courts are required to consider various factors including: (1) the nature and circumstances of the

1  offense and the history and characteristics of the
2  defendant; (2) the need to reflect the seriousness of
3  the offense, to promote respect for the law, and to
4  provide just punishment for the offense; (3) the need to
5  afford adequate deterrence to criminal conduct; (4) the
6  need to protect the public from further crimes of the
7  defendant; and (5) the need to provide the defendant
8  with needed educational or vocational training, medical
9  care, or other correctional treatment in the most
10 effective manner.  18 U.S.C. § 3553(a); 18 U.S.C.
11 § 3582(c).
12    The Government contends that these factors disfavor
13 Defendant's release because (1) Defendant's offenses are
14 of a serious nature; (2) Defendant has a significant
15 criminal history; (3) Defendant is not seeking grace for
16 a "youthful indiscretion" since he committed the instant
17 offenses at fifty-five years of age; (4) the Federal
18 Bureau of Prisons can adequately manage Defendant's
19 health conditions; and (5) release will diminish the
20 deterrent effect of Defendant's sentence.  Opp'n 12:8-
21 13:7.
22    Defendant counters that he has been sufficiently
23 punished and general deterrence has been established
24 because he has "served a very significant sentence" that
25 exceeds the average federal sentence imposed for murder,
26 and he spent many years in solitary confinement.  Def.'s
27 Reply to the Opp'n ("Reply") 4:8-5:7.
28    The Court addresses the relevant § 3553(a) factors

in turn.

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The nature and circumstances of Defendant's offenses are serious. Defendant was convicted on four counts related to his participation in or involvement with the Mexican Mafia. J. & Commitment. These four counts involved Defendant's participation in a conspiracy to commit murder in violation of RICO and VICAR. See generally Presentencing Report ("PSR"), ECF No. 10467. Moreover, prior to these convictions, Defendant committed assault and battery and armed robbery. Opp'n 12:20-22. Based on the nature of the instant offenses and Defendant's criminal history, Defendant was sentenced to life in prison—a sentence reserved for the most grievous crimes. J. & Commitment. Accordingly, this factor counsels against a reduction.

### 2. The Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Courts evaluating the need for the sentence imposed have found that "the biologically likely span remaining to a defendant is . . .logically relevant to the § 3553(a) sufficiency of a given sentence." United States v. Enriquez, No. 3:17-CR-03293-BEN-1, 2021 WL 3772379 at *8 (S.D. Cal. Aug. 24, 2021) (citing United States v. Karr, No. 6:17-CR-25-REW, 2020 WL 774363 at *2

n.16 (E.D. Ky. Feb. 18, 2020)); see also Karr, 2020 WL 774363 at *2 n.16 (noting that "the Guidelines provide for a presumptive 'life' term only for the gravest (by offense level measurement) crimes"). "Put differently, at least when confronting a terminal case, the Court finds it fair to consider—in plumbing what is enough, but not more than enough—the relative portion of a defendant's remaining life that sentence will take." Karr, 2020 WL 774363 at *2 n.16.

    Here, Defendant was sentenced to life in prison and has served twenty-seven years. As discussed, Defendant committed serious offenses, and although Defendant has served a significant amount of time in prison, he nonetheless has not served the life sentence he received. While the Court is sympathetic to Defendant's cancer diagnosis, life sentences are only given for the gravest of crimes and reducing such a sentence due to the anticipated manner of death diminishes the necessary impact of the sentence. Therefore, this factor weights against release.

    3.   <u>The Need to Afford Adequate Deterrence to Criminal Conduct</u>

    Defendant argues that serving twenty-seven years is adequate deterrence. Mot. 16:25-17:17. Defendant's sentence, however, must be adequate to deter others from becoming repeat offenders. As the Government points out, Defendant committed various acts of violence prior to the offenses in this Action and committed these

offenses at fifty-five years of age. Opp'n 12:16-22. Thus, strong deterrence is required in this case. Accordingly, this factor counsels against release.

### 4. The Need to Protect the Public from Further Crimes of the Defendant

Defendant argues that his terminal illness and resulting physical inabilities make it highly unlikely he will continue to participate in criminal activity. Mot. 20:5-21:6. But there are various crimes that do not require any physical exertion. Moreover, Defendant's diagnosis may encourage criminal activity since he would not suffer any meaningful repercussions, and Defendant's status as a repeat offender heightens this risk. See Enriquez, 2021 WL 3772379 at *8 ("Defendant argues his illness makes it highly unlikely he will continue trafficking drugs. However, the counterargument to this is that he may instead embrace a life of crime given he has nothing left to lose now that he has a cancer diagnosis. This concern is bolstered by Defendant's prior conviction for the same offense, suggesting he is likely to recidivate."). Thus, this factor weighs against reduction of sentence.

### 5. The Need to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

As the Government discussed, Defendant does not argue that the Federal Bureau of Prisons cannot provide

him with adequate medical care, and there is no evidence to suggest that is the case. Opp'n 12:23-28. Accordingly, this factor counsels against release.

Since all the § 3553(a) factors disfavor release, the Court **DENIES** Defendant's Motion.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES Defendant's Motion for Reduction of Sentence.**

**IT IS SO ORDERED.**

DATED: January 10, 2023       /S/ RONALD S.W. LEW
                                          **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge